# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES A. BIGGLEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-340 |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James Bigglest filed his Complaint seeking review of a final decision of the Commissioner of Social Security in December 2016. Doc. 1 (removal from Chatham County Superior Court). The parties were served with the Court's General Order in Social Security cases, explaining that plaintiff's opening brief must be filed within 30 days after the Commissioner files the Administrative Record. Doc. 5. The Commissioner timely answered the Complaint and filed a copy of the Administrative Record in February 2017. Doc. 9.

In lieu of filing his opening brief, Bigglest filed an unpermitted

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

"Response to Answer" arguing that Acting Commissioner Nancy Berryhill's substitution as the nominal defendant somehow resets all the deadlines and changes the very nature of the proceedings, since she must *personally* review the Administrative Record and pleadings. Doc. 8. There has been no further activity in this case. It is unclear what the status of the case is, whether the parties have reached a stipulated dismissal or remand, or whether plaintiff will continue to prosecute his case.

Plaintiff's belief that the Acting Commissioner personally reviews and briefs cases does not, however, change his duty to file a meaningful, specific "brief setting forth all errors which plaintiff contends entitle [him] to relief." Doc. 5 at 1. He has failed to prosecute his case. Therefore, within 14 days of the date this Order is served, plaintiff shall either: (1) file his opening brief setting forth his entitlement to judicial review of the Commissioner's denial of benefits,[2] or (2) otherwise show

---

[2] To demonstrate entitlement to relief, plaintiff must set forth: (1) a short, plain description of his alleged physical or emotional impairments, when he contends they became disabling, and how the impairments prevent him from working; (2) a summary of the administrative proceedings before the Social Security Administration; and (3) a short, separate statement of each of his legal claims explaining *why* the evidence does not support the Social Security Administration's findings and denial of benefits. *See generally*, doc. 5, for further instructions.

cause why this case should not be dismissed on inactivity and, thus, abandonment grounds. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Failure to respond to this Order will result in a recommendation of dismissal of this action.

**SO ORDERED,** this  16th  day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA