UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES A. BIGGLEST,   )
                     )
     Plaintiff,      )
                     )
v.                   )
                     )   CV416-340
NANCY A. BERRYHILL,  )
Acting Commissioner of )
Social Security,     )
                     )
     Defendant.      )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff James Bigglest seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

## I. GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation

omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

2015) (footnote added).

## II. ANALYSIS

Bigglest, who was 55 years old when his DIB and SSI claims were denied, alleges disability beginning October 1, 2010. Tr. 30, 39, 173. He completed three years of college and has past work experience as a university coordinator, city parking service officer, city recreational leader, and security guard. Tr. 44, 50, 220-30. After a hearing, the ALJ issued an unfavorable decision. Tr. 30-39. He found that Bigglest's degenerative disc disease of the cervical spine, degenerative joint disease of the left knee, and degenerative joint disease of the right foot with a bunion constituted severe impairments but did not meet or medically equal a Listing. Tr. 33-34. The ALJ found that he retained the RFC for medium work[2] except he could not engage in constant bilateral overhead reaching. Tr. 34.[3] Plaintiff, he determined, was

---

[2] Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds. 20 C.F.R. § 404.1567(c).

[3] Plaintiff had originally alleged that chronic foot and knee pain precluded him from working. Tr. 35 & 195. After the hearing, he submitted written statements alleging entirely new impairments: difficulty in communicating, anger management problems, paranoia, impatience, hyperglycemia, hypertension, impaired vision, and fatigue. Tr. 35, 265-66, 269-70, 385-87. He explained he had not previously alleged that he suffered from these impairments due to his "pride" and offered no explanation as to how any of them, either singly or in combination, prevented him from full-time work.

capable of performing his past work as a security guard, parking enforcement officer, and recreation counselor and thus not disabled through March 25, 2015 (the date of the decision). Tr. 38-39.

Bigglest appealed to the Appeals Council (tr. 17-19 & 26-27), alleging disabling mental impairments precluded him from working and providing additional records in support of his claim from the Veterans Administration (VA). Tr. 2, 6, 7-23, 181, 271-72, 391-94. The records included (1) treating records dated before the date of the decision, which did not provide any basis for changing the ALJ's decision; and (2) treating records dated after the date of the decision. *See id.* The Appeals Council considered the first set of medical records but declined to consider the second, as the "new information is about a later time" and "does not affect the decision about whether [he was] disabled beginning on or before March 25, 2015." Tr. 2. It then denied Bigglest's request for review, concluding that there was no basis to review the ALJ's decision. Tr. 1-4.

---

*Id.* The ALJ found the new allegations "not credible" and "not supported by the record," noting both that plaintiff had never mentioned these impairments in the 21 months his application was pending *or* at the hearing when given the opportunity to speak, and that the only evidence in the record even hinting at these impairments was a single 2007 eye exam that showed mild farsightedness (which was itself contradicted by other evidence in the record finding no visual impairment). Tr. 36-37.

4

Plaintiff disagrees, arguing that (1) the Appeals Council[4] erred by failing to fully consider his VA records. Docs. 10 & 13. "With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. *Ingram v. Comm'r*, 496 F.3d 1253, 1261 (11th Cir. 2007).

The Appeals Council has the discretion not to review the ALJ's denial of benefits. *See* 20 C.F.R. § 416.1470(b). But it "must consider new, material, and chronologically relevant evidence" that the claimant submits. *Ingram*, 496 F.3d at 1261; *Washington v. Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (same); *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b). When the Appeals Council accepts and considers additional evidence, then denies review, it is not "required to provide a detailed rationale for denying review." *Mitchell v. Comm'r*, 771 F.3d 780, 784 (11th Cir. 2014). And when the Appeals Council "erroneously

---

[4] Once again, Bigglest argues that Nancy Berryhill, Acting Commissioner of Social Security, is personally responsible for reviewing his record and the new evidence and her personal failure to do so invalidates all administrative proceedings. That is incorrect. The administration has several steps of review, none of which involves Ms. Berryhill. First, there is an initial review by agency reviewing physicians, reconsideration by new agency reviewing physicians, then an administrative hearing before an ALJ (who issues the written decision), review by the Appeals Council, and finally review by this Court. Ms. Berryhill is merely the named defendant. She is not personally involved at any step, and her failure to personally review Bigglest's records has absolutely no bearing whatsoever on the merits of the case.

refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1320.

Plaintiff's VA records from before the date of the ALJ's decision were fully considered by the Appeals Council, entered into the record, and ultimately found not material -- meaning, they did not "provide a basis for changing the [ALJ]'s decision." Tr. 2; *see also* tr. 6, 191, 271-72, 391-94. The Appeals Council *did not* have any duty to *explain* its finding, to reweigh the evidence of record, or otherwise recapitulate the ALJ's decision. *Mitchell*, 771 F.3d at 784 (the Appeals Council is "not required to provide a detailed rationale for denying review.").

And while treatment occurring after the date of the ALJ's decision may be chronologically relevant, it must also be material. *Washington*, 806 F.3d at 1323. Here, the Appeals Council rejected as chronologically irrelevant Bigglest's post-decision treating records. Tr. 2; *see also* tr. 7-23. Those records reflect plaintiff's VA prescription for fluoxetine HCL (Prozac), attendance records for an anger management support group, diagnosis of an "unspecified anxiety disorder," an advertisement for a PTSD support group (not an attendance record), and plaintiff's own letter explaining that his military duty in England during Operation

6

Desert Storm exposed him to mentally disturbed and affected soldiers as well as other traumatic events. Tr. 7-23. Bigglest doesn't explain what impairments, precisely, these records relate back to, aside from concluding that they must. *See* docs. 10 & 13. But even if the Court credits plaintiff's argument that these records 'relate back' to his condition prior to the ALJ's March 25, 2015, decision, they are immaterial.

Treatment records are material if "there is a reasonable possibility" that they "would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). These records do not even hint at a *disabling* mental impairment, much less establish that plaintiff's post-hearing allegations of "difficulty in communicating, anger management problems, paranoia, impatience," (tr. 35) or any other mental impairment create functional limitations on his ability to work. *See* 42 U.S.C. § 423(d)(5)(A) (plaintiff bears the ultimate burden of proving disability); 20 C.F.R. §§404.1512(a), (c), 416.912(a), (c) (plaintiff must provide evidence proving his disability). Plaintiff argues that they are of utmost relevance to the ALJ's decision but offers no explanation about *how* these records would have altered anything in the ALJ's

decision at any step of the sequential analysis. Docs. 10 & 13.

Here, the evidence neither clearly 'relates back' to the relevant period *nor* is material to the outcome of the case. The Appeals Council thus did not err by declining to consider it. *Washington*, 806 F.3d at 1321.

## III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __4th__ day of August, 2017.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA